UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA MAYS | CIVIL ACTION |
| VERSUS | NO. 14cv157 |
| DOLGENCORP, LLC d/b/a<br>    DOLLAR GENERAL CORPORATION | SECTION "N" |

### ORDER AND REASONS

Presently before the Court is Defendant's "Motion for Summary Judgment" (Rec. Doc. 14).  On the showing made,

**IT IS ORDERED** that Defendant's motion is **GRANTED**.

### I. Background

Plaintiff, Patricia Mays, brought a personal injury suit arising from an alleged slip-and-fall incident that occurred in the parking lot area outside of the Dollar General store in Marrero, LA. (Rec. Doc. 1, Exhibit A).  Mays contends that she fell after slipping on a liquid substance that had accumulated in the parking lot.  (Id.).  The substance is alleged to be melted ice cream that the manager of the Dollar General discarded in a dumpster following a power outage caused by Hurricane Isaac.  (Rec. Doc. 14-1 at p. 2).  Mays suffered back and knee injuries as a result of the fall.  (Rec. Doc. 1 at p. 5).  The plaintiff's children, Jacinta Brisco and Jerrlyn Mays, substituted as parties in this matter because Patricia Mays is now deceased.  (Rec. Doc. 15).  Defendant, Dolgencorp, LLC d/b/a Dollar General Corporation ("Dolgencorp") now moves for summary judgment declaring that the plaintiff has not presented any evidence that it is liable under La. Civ.

1

Code art 2317.1 and that plaintiff has shown no evidence of negligence. (Rec. Doc. 14-1).

## II. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Lavespere v. Liberty Mut. Ins. Co., 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324, 106 S. Ct. 2553; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. Hunt v. Rapides Healthcare System, L.L.C., 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party,

"but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." See id. (emphasis in original) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. See Fed. R. Civ. P. 56(c)(3) ("court need consider only the cited materials"); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir.), cert. denied, 513 U.S. 871, 115 S. Ct. 195 (1994).

**III.  Application of the Legal Standard**

    **A. Liability Under La. Civ. Code art. 2317.1**

Mays claims that Dolgencorp is liable under La. Civ. Code art. 2317.1 and that Dolgencorp was negligent. Under art. 2317.1, "The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code Ann. art. 2317.1. Accordingly, a plaintiff must show that (1) the object was in the defendant's custody, (2) a vice or defect existed, (3) the vice or defect created an unreasonable risk of harm which caused the plaintiff's injury, (4) the owner or custodian knew

3

or should have known of the defect. Player v. Baker, 42,451 (La. App. 2 Cir. 9/19/07), 965 So. 2d 984, 987. In addition to the elements listed above, a plaintiff must show that "the damage could have been prevented by the exercise of reasonable care and that the defendant failed to exercise reasonable care." Keller v. Monteleone Hotel, 2009-1327 (La. App. 4 Cir. 6/23/10), 43 So. 3d 1041, 1043 (La. Ct. App. 2010).

Dolgencorp argues that Mays fails to assert any evidence that Dolgencorp was the owner or custodian of the dumpster. (Rec. Doc. 14-1 at p. 5). Mays responds asserting that the store manager, Melynda Gilliard, admits control of the dumpster in her affidavit when she exclaims that she discarded the ice cream in the dumpster outside of the store on September 2, 2012. (Rec. Doc. 17 at p. 2). Louisiana courts have generally held that ownership of a thing establishes a rebuttable presumption of custody, and, in the case of non-ownership, a defendant may be found to have custody over property when that person exercises direction and control of the thing and derives some benefit from it. Coulter v. Texaco, Inc., 117 F.3d 909, 913-14 (5th Cir. 1997). Based on the evidence presented, the Court finds that Mays has not shown that Dolgencorp was the owner or custodian of the dumpster and, therefore, fails to make out an essential element of the claim under art. 2317.1.

Notably, Mays's characterization of Gilliard's affidavit overreaches. Gilliard merely admits that she discarded the ice cream in the dumpster on the day of the accident. (Rec. Doc. 14-4). Gilliard goes on to declare in her affidavit that the Dollar General store neither owns nor maintains the dumpster and that the dumpster was maintained by a company called "Progressive." (Id.). The Court does not read Gilliard's affidavit as an admission of ownership or control, and, in fact, views the evidence as showing the contrary. A showing of mere use of an object does not establish the requisite exercise of direction and control of the thing. Coulter, 117 F.3d at 913-14. Mays has failed to present any other evidence demonstrating that Dolgencorp had control over the dumpster.

4

Furthermore, even if Mays could show Dolgencorp was the owner or custodian of the dumpster, she has failed to present any evidence that the defendant knew or should have known of the defect. As a result, Mays has failed to make out another essential element of the claim under art. 2317.1. Significantly, Mays admitted in her deposition that she had no reason to believe that any of the Dollar General employees knew the substance was on the ground as a result of the alleged "defect" in the dumpster. (Rec. Doc. 14-3 p. 3, Patricia Mays Deposition at p. 124). In addition, Gilliard declares that she did not know nor had she any reason to believe that the dumpster was defective prior to the accident. (Rec. Doc. 14-4). Mays has not presented any evidence that indicates that a store employee knew or should have know of the defective dumpster. Therefore, Dolgencorp is entitled to summary judgment on Mays's negligence claim under art. 2317.1.

**B. Negligence**

Mays next asserts that Dolgencorp was generally negligent under Louisiana law, arguing that Dolgencorp owed a duty to its patrons and the duty was breached when an employee rid the store of the ice, which melted and leaked from the dumpster into the parking lot causing Mays to slip and fall. (Rec. Doc. 17). Mays suggests, "to avoid liability in this matter, defendant must assert that dumpsters are hermetically sealed, subject that all liquids could never leak out...." (Rec. Doc. 17 at p. 3). However, Mays has the burden of proof, and under general negligence[1], proprietors owe patrons a duty to exercise reasonable care to protect them from harm at the hands of an employee or third party. Oren v. Capstar Hotels of Slidell, Inc., No. CIV.A. 01-3193, 2003 WL 181012, at *2 (E.D. La. Jan. 23, 2003) (citing Turley v. Straughan, 694 So.2d 532, 533 (La. Ct. App.1997)). To

---

[1] The Court notes that neither party raised La. Rev. Stat. Ann. 9:2800.6 covering a merchant's liability to patrons on the merchant's premises. As a result, the Court did not address the claims under the statute, but the Court is nonetheless convinced that plaintiffs' claims fail under this statute as well.

show negligence, a plaintiff must prove (1) the conduct was the cause-in-fact of the harm, (2) the defendant owed a duty to the plaintiff, (3) the duty owed was breached, (4) the risk of harm caused was within the scope of the breached duty. Fontenoy v. Fontenoy, 635 So. 3d 219 (La. 1994). Mays has put forth no evidence indicating facts that Dolgencorp or any of its employees acted unreasonably in disposing of ice cream in the dumpster or in any other manner that resulted in her injuries. In other words, Mays has not shown a triable issue with regard to Dolgencorp's breach of any duty owed to her. Accordingly, Dolgencorp is entitled to summary judgment on Mays's general negligence claim.

## IV. Conclusion

For the reasons stated herein,

**IT IS ORDERED** that Dolgencorp's motion for summary judgment (Rec. Doc. 14) is hereby **GRANTED**.

New Orleans, Louisiana, this 4th day of November 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**